**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Condit,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-21-00205-TUC-CKJ<br><br>**ORDER** |

　　　This matter was referred to Magistrate Judge Eric J. Markovich, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), LRCiv. 72.1(a). On July 25, 2022, he issued a Report and Recommendation (R&R). (Doc. 33.) He recommends that Court affirm the decision by the Commissioner of Social Security denying Plaintiff disability benefits.

　　　The Commissioner found the Plaintiff has the following severe impairments: coronary artery disease; hypertension; degenerative joint disease of the knees; degenerative disc disease; neurocognitive disorder; and somatic disorder. At step five in the disability determination, the Administrative Law Judge (ALJ) found the Plaintiff has the residual functional capacity (RCF) to perform medium work, except he is limited to understanding, remembering, and carrying out simple job instructions only. The ALJ concluded that significant numbers of jobs exist in the national economy the Petitioner can perform, and Plaintiff is not disabled.

The Plaintiff challenged the RFC as not being supported by substantial evidence and as being the product of legal error. The Magistrate Judge rejected the Plaintiff's arguments and recommended this Court affirm the denial of benefits. For the reasons given below, the Court adopts the recommendation of the Magistrate Judge, affirms the Commissioner's disability determination, and dismisses this action.

## STANDARD OF REVIEW

The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). Where the parties object to a Report and Recommendation, "'[a] judge of the [district] court shall make a de novo determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)).

This Court's ruling is a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*). To the extent that no objection has been made, arguments to the contrary have been waived. Fed. R. Civ. P. 72; see 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the R&R), *see also McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also*, Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written

objections). The Court has considered the objections filed by the Plaintiff, and the parties' briefs, including the ALJ's decisions, considered by the Magistrate Judge in making his recommendation to deny relief.

OBJECTIONS

The Plaintiff "reasserts and relies upon the arguments set forth in his Opening Brief. ("Dkt. No. 25") and objects to Magistrate Judge Markovich's Report and Recommendation that Plaintiff's Social Security appeal be denied, and that judgment be entered in favor of the Commissioner." (Objection (Doc. 34) at 1.) The referral of a case to a magistrate judge, with *de novo* review of any objections, is not a blanket do-over. The Court reviews, *de novo,* the specific objections raised in the Plaintiff's filing to support his assertions of error by the Magistrate Judge. The Plaintiff objects to the Magistrate Judge's findings, as follows: 1) the ALJ properly evaluated the opinion evidence pertaining to his physical and mental impairments; 2) the RFC is supported by substantial evidence, and 3) even if the ALJ had incorporated additional limitations, Plaintiff could still do some work.

The Plaintiff argues: "The ALJ's RFC was crafted out of whole cloth. After rejecting the opinions discussed supra, and those of the agency consultants, she crafted Plaintiff's RFC without benefit of any opinion evidence. Absent adequate explanation of the record, without specific support from a medical source, and with no testimony from a medical expert, the ALJ appears to have defined her own limitations for Plaintiff. This is error." (Objection (Doc. 34) at 6.)

The Court finds that the Magistrate Judge correctly concluded the ALJ properly evaluated the opinion evidence pertaining to his physical and mental impairments. Guided by the citations of record provided by the ALJ in her decision, the Magistrate Judge found no fault with her determinations regarding the persuasiveness of the various opinions. She correctly concluded that the asserted severity of Plaintiff's impairments, both mental and physical, were contradicted by objective medical findings, medical history, and other evidence, including the Plaintiff's daily living activities. As the Magistrate Judge's summary of the record reflects, the medical opinion record includes findings to support the

ALJ's conclusion that the Plaintiff functions, both physically and mentally, generally in the normal range. It is not disputed that there is evidence in the record that Plaintiff is impaired to some extent both physically and mentally. The Court notes that the ALJ's first decision, reversed by the Social Security Appeals Council, found claimant had the residual functional capacity to perform light work, with physical limitations for lifting and carrying, climbing, stooping, kneeling, etc. and could "fine feel" with his left non-dominate hand. (Decision, February 14, 2020 (Doc. 21-4) at 106.)

On remand, the ALJ made a more exacting record of the medical opinion evidence, highlighting those portions which reflected the severity of Plaintiff's impairments. The ALJ correctly based her assessments of persuasiveness on 20 C.F.R. § 416.920c(c)(1)-(5). This requires medical opinions be evaluated based on factors of supportability and consistency. Supportability provides the following standard: the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support a medical opinion or administrative medical finding, the more persuasive is the opinion. The "consistency" factor is similar: the more consistent a medical opinion or prior administrative medical finding is with the evidence from other medical sources and non-medical sources in the claim the more persuasive the medial opinion. The ALJ did not commit legal error in applying these standards. She identified those medical opinions reflecting the severity of Plaintiff's impairments, both mental and physical, which she found more persuasive than opinions she relied on in her original decision to conclude the Plaintiff only had the physical capacity to perform light work. In both decisions, the ALJ found the Plaintiff can understand, remember, and carry out simple job instructions only. But in the October 22, 2020, decision, the ALJ found the Plaintiff could physically perform medium work. The Court finds that the ALJ relied on the medical opinions where the objective medical evidence and supporting explanations were most relevant to support the medical opinion being given by the doctor and there was a consistency between multiple opinions regarding the severity of the impairments.[1]

---

[1] *See examples:* (R&R (Doc. 33) at 3-12 (summarizing medical opinion evidence, including: Dr. Marks' opinion reflected on examination, Plaintiff was highly articulate and

After considering the record as a whole, including the Plaintiff's symptom testimony and his daily living activities, the ALJ concluded the claimant has the residual functional capacity to perform medium work . . . , except he is limited to understanding, remembering and carrying out simple job instructions only." (Decision, 10/22/2022 (Doc. 21-3) at 22-23.) The RFC was not created out of "whole cloth" as asserted by the Plaintiff in the Objection. The RFC is supported by substantial evidence, meaning such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The evidence, here, is more than a mere scintilla and it need not be a preponderance. Neither

---

able to provide a high level of detail regarding his history and level of intellectual functioning appeared above average; little evidence of forgetfulness during evaluation and was able to stay on track and maintain focus; Dr. Rothbaum noted no substantial weakness in lefthand, clinical examination found no direct tenderness in lumbar, no anatomic abnormality, no synovitis, grip and pinch strength 5/5 bilaterally, ulnar nerve function 5/5 bilaterally, able to cock both wrists back normally, etc., no sitting limitations, no limits on reaching, handling, fingering, or feeling; Dr. Burridge found Plaintiff demonstrated skills and abilities required to perform work-related tasks from vocational standpoint, understood, remembered, and carried out basic and multistep job instructions effectively, transitioned without difficulty between work-related tasks, maintained motivation, responded appropriately to supervision, aptitude and ability to make simple judgments and basic work-related decisions; Dr. Menchola observed Plaintiff was alert and oriented; hearing and vision adequate, expressive language fluent and coherent with no paraphasia word-finding difficulties or dysarthria, etc, and concluded testing was not valid representation of current cognitive status, with the possibility that scores within normal limits might be an underestimate but reflected at least his lower limits of functioning, while impaired scores could not be confidently interpreted; Plaintiff's cognitive domain remained at least within normal limits; Dr. Ashish reported prior neuropsychological examination by Dr. Rapcsak found Plaintiff oriented and able to remember 2/3 words after delay, demonstrated good recall of recent personal events but limited ability to remember public events due to possible lack of interest, neurological exam otherwise unremarkable, some residual findings related to left ulnar neuropathy; Dr. Ashish observed no evidence of gait or motor disturbance, hearing and vision were adequate, Plaintiff oriented to person, place, situation, and time, but had a tendency to give up and required prompting for date, speech normal in rate, prosody, and volume but with response delays, comprehension for interview questions and evaluation instructions was adequate and Plaintiff was an adequate historian, thought processes within normal limits except for judgment/insight appeared to be reduced into cognitive and psychological problems, attention was variable with slight impulsivity and he was fidgety; Plaintiff's performance was variable on independent and embedded performance validity measures, thus, the evaluation did not appear to be an accurate representation of his current cognitive functioning and should be interpreted with a lot of caution.)
*Compare:* (R&R (Doc. 33) at 34 n. 12 (Dr. Rothbaum's opinion reflected the Plaintiff could occasionally lift/carry up to 20 pounds and frequently lift/carry 10 pounds, stand/walk at least 2–4 hours per day, had no sitting limitations, and no limitations on reaching, handling, fingering, or feeling; Dr. Goodman's opinion reflected that Plaintiff could frequently lift/carry 10 pounds and occasionally lift/carry 20 pounds; Dr. Coull opined that Plaintiff could use the left hand/arm 5% of the workday for fine manipulation and 10% for grasping, turning, and twisting objects.)

the ALJ nor the Magistrate Judge cherry-picked the record. Both admit the record contained evidence to support the Plaintiff's claims of impairment. The ALJ appropriately resolved the conflict in the record regarding the severity of Plaintiff's impairments by assessing supportability and comparability factors. "'When the evidence before the ALJ is subject to more than one rational interpretation, [the court] must defer to the ALJ's conclusion.'" (R&R (Doc. 33) at 20 (quoting *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004)). "The '[ALJ] and not the reviewing court must resolve conflicts in evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)) (cleaned up).

This brings the Court to the Plaintiff's last objection, which is that the Magistrate Judge improperly weighed the evidence of his own accord when he concluded that any error by the ALJ was harmless. The Plaintiff refers to the Magistrate Judge's finding that even if the ALJ had incorporated additional limitations, Plaintiff could still do some work. (Objection (Doc. 34) at 7-8.) The Court finds the Magistrate Judge did not weigh the evidence; he simply drew a logical conclusion. After all, the ALJ's original decision found the Plaintiff was limited to light work when considering the physical limitations that the Plaintiff charges the ALJ ignored in her second decision, but even then-- the ALJ still found the Plaintiff was not disabled. The Vocational Expert testified at the original hearing, the Plaintiff could perform other jobs such as office helper, information clerk, and mail room clerk. (R&R (Doc. 33) at 35 n. 13.) In other words, the Plaintiff was still not disabled for an award of benefits.

"'A decision of the ALJ will not be reversed for errors that are harmless.'" (R&R (Doc. 33) at 20 (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (cleaned up). "The claimant bears the burden to prove any error is harmful; an error is harmless where it is inconsequential to the ultimate non-disability determination." *Id.* (quotations omitted). The Court agrees with the Magistrate Judge's finding that any error was harmless as between a finding that Plaintiff's RFC limited him to moderate or light work.

The Court finds agrees with the Magistrate Judge that : the RFC was supported by substantial evidence; the ALJ did not commit legal error, and any error was harmless. The Court must affirm the decision of the Commissioner of Social Security.

CONCLUSION

After *de novo* review of the issues raised in Plaintiff's Objection, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in the R&R. The Court adopts it, and for the reasons stated in the R&R, the Court affirms the decision of the Commissioner of Social Security.

**Accordingly**,

**IT IS ORDERED** that after a full and independent review of the record, in respect to the objections, the Magistrate Judge's Report and Recommendation (Doc. 33) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that the decision of the Commissioner is AFFIRMED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment against the Plaintiff on the Complaint (Doc. 1), accordingly, and close this case.

Dated this 23rd day of August, 2022.

_____
Honorable Cindy K. Jorgenson
United States District Judge